IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PATRICIA L. STOWERS,** *et al.,* | * | |
| | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | **Civil No. PJM 07-2912** |
| | * | |
| **UNITED STATES OF AMERICA,** *et al.*, | * | |
| | * | |
| | * | |
| Defendants | * | |
| | * | |

## MEMORANDUM OPINION

Plaintiffs William Stowers, Patricia Stowers as representative of the Estate of Ryan Stowers, and Patricia Stowers in her individual capacity, have filed suit against the United States and former United States Marshal, Arthur Lloyd, pursuant to the Federal Tort Claims Act.

While the factual scenario giving rise to the Complaint is largely disputed, what is undisputed is that during the evening of October 28, 2004, in the parking lot of a mall in Rockville, Maryland, Ryan Stowers and Arthur Lloyd became engaged in a verbal dispute which turned physical and which resulted in Lloyd firing shots into Stowers' car, killing him. Plaintiffs, survivors of Ryan Stowers, seek damages against the Government for its allegedly negligent supervision and retention of Lloyd, and for battery and wrongful death based on the theory that Lloyd was acting within the scope of his employment for the Government during the incident. They also seek damages from Lloyd in his individual capacity, alleging battery, false arrest, wrongful death, and claims that Lloyd violated Stowers' constitutional rights.

The issue currently before the Court is Lloyd's Motion Regarding Co-Defendant United States of America's Obligations to Provide [Him] a Legal Defense. For the reasons that follow, that Motion is **DENIED**.

## I.

According to the Complaint, a verbal dispute between Stowers and Lloyd began in the parking lot of Mid-Pike Plaza Shopping Center in Rockville, MD on October 28, 2004. A physical altercation ensued thereafter, and during the fight, Lloyd drew the handgun that had been issued to him by the U.S. Marshal Service, shooting Stowers in the leg. Stowers then returned to his car and dialed "9-1-1," but as he did so Lloyd ordered him to get on the ground, showed him his U.S. Marshal's badge, and told him he was under arrest for assaulting a federal officer.

Further, according to the Complaint, Stowers did not comply with this order and instead attempted to drive away. At that point Lloyd fired several shots into the back of Stowers' vehicle, one of which struck Stowers in the back. Stowers immediately suffered cardiac arrest. When an ambulance arrived, Stowers was taken to Suburban Hospital, where resuscitation efforts failed. Stowers was pronounced dead at 9:15 p.m. on the same day as the incident.

Lloyd, in contrast, contends that the incident began when he and Stowers were driving in Rockville. Lloyd says Stowers aggressively pursued him, flashing his high-beam headlights and sounding his car horn repeatedly. When Lloyd stopped, exited his vehicle, and approached Stowers, Stowers angrily accused him of "side-swiping" his car. Lloyd denied the accusation and told Stowers he was a United States Marshal, at which point Stowers allegedly struck Lloyd,

knocking him to the ground and breaking two of Lloyd's fingers. Lloyd claims to have shot Stowers in self-defense when he attempted to run Lloyd over with his car.

Based on this event, Lloyd was indicted in Circuit Court for Montgomery County and was subsequently convicted by a jury of voluntary manslaughter, use of a handgun in the commission of a crime of violence, and reckless endangerment. He is currently serving a prison sentence for this conviction.

The Government has declined to provide Lloyd with representation in the present civil case, as a result of which he began the proceeding on a *pro se* basis. After the Government, as Co-Defendant, filed a Motion to Dismiss, and in view of the fact that Lloyd was incarcerated, the Court appointed *pro bono* counsel to represent him on a limited basis. Following a hearing on the matter, the Court denied the Government's Motion to Dismiss and, based on *pro bono* counsel's request, continued his representation of Lloyd through the conclusion of discovery and any potential dispositive motions. *Pro bono* counsel has done an admirable job in representing Lloyd. Given, however, the magnitude of the case – which the Court cannot gainsay – counsel has asked the Court for assistance in representing Lloyd and has also filed the underlying Motion on Lloyd's behalf requesting that the Court review the Government's decision not to provide Lloyd with representation.

**II.**

In his Motion regarding the Government's refusal to provide him counsel, Lloyd argues that while it is true that the Government has discretion over whether to provide its employees with a legal defense in civil actions where the employee may or may not have been acting within the scope of his employment, that decision is subject to judicial review under the arbitrary and

capricious standard of the Administrative Procedure Act ("APA").  The Government, he submits, should be required to defend its decision in order to allow the Court to determine whether it was arbitrary and capricious.

The Government contends that the regulation granting the Department of Justice with authority to provide counsel to employees facing civil suit is entirely discretionary.  *See* 28 C.F.R. § 50.15 ("a federal employee... may be provided representation... when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States").  Therefore, says the Government, it performs a two-prong inquiry to determine whether representations is appropriate: (1) it looks at whether the challenged actions "reasonably appear" to have been performed within the scope of employment; and (2) it examines whether providing representation would otherwise be in the interest of the United States.  The Government argues that this decision is entirely left to the discretion of the Depart of Justice and is not reviewable by the courts.

While both parties concede there are no Fourth Circuit or Maryland District Court cases on point, the Government cites the opinion of the U.S. Court of Appeals for the District of Columbia Circuit in *Falkowski v. E.E.O.C.,* 764 F.2d 907 (D.C. Cir. 1985) ("*Falkowski II*") in support of its contention that a DOJ determination such as this is unreviewable.  The Court agrees that clearly that is the holding in *Falkowski II*.  Initially, the D.C. Circuit in *Falkowski* held that the Government acted in an arbitrary and capricious manner in denying an employee's request for government-provided legal counsel and remanded the case for further factual inquiry

into the DOJ's decision.  *Falkowski v. E.E.O.C.*, 719 F.2d 470 (D.C. Cir. 1983) ("*Falkowski I*).  The Supreme Court, however, vacated this ruling without discussion, and remanded the case back to the D.C. Circuit in light of its ruling in *Heckler v. Chaney*, 470 U.S. 821 (1985).  *U.S. Dept. of Justice v. Falkowski*, 471 U.S. 1001 (1985).

In *Chaney,* the Supreme Court determined that the Food and Drug Administration's decision not to bring an enforcement action under the Federal Food, Drug, and Cosmetic Act was unreviewable under the APA.  *Chaney*, 470 U.S. 821.  The Supreme Court hinged its opinion on its interpretation of an exception to the general presumption of judicial review of agency action, namely that an aggrieved individual is not entitled to review of agency action when: (1) a statute precludes judicial review; or (2) agency action is committed to agency discretion by law.  5 U.S.C. § 701(a).  Finding the first exception inapplicable, and expanding on its prior holding that the 701(a)(2) exception was applicable in cases where statutes were so broad that there was "no law to apply," *see Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971) (overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99, 105 (1977)), the Court found that the presumption of reviewability did not apply to an agency's refusal to institute enforcement actions because such a decision is "committed to an agency's absolute discretion."  *Chaney,* 470 U.S. at 831.

On remand in light of *Chaney*, the D.C. Circuit reversed *Falkowski I,* holding that the Government's decision not to provide representation to its employee under 28 C.F.R. § 50.15 was unreviewable.  *Falkowski II,* 764 F.2d at 907.  It acknowledged that the decision not to bring an enforcement action, as presented in *Chaney,* was somewhat different from the decision not to provide representation in a legal proceeding, but in reaching its decision that the latter was still

unreviewable, the Court focused on the Supreme Court's discussion in *Chaney* pertaining to the superiority of the agency to make such decisions and the fact that Congress had not restrained the agency's discretion. *Id.* at 911. *Falkowski II* found those two rationales to be equally applicable in the context of the DOJ's decision not to provide representation and therefore held the DOJ decision not to provide representation unreviewable.

In the present case, Lloyd argues that the D.C. Circuit's opinion in *Falkowski II,* purportedly applying the law as established in *Chaney,* went beyond what was called for in *Chaney*. Unlike *Chaney*, says Lloyd, the case at bar does not present a situation where an agency has decided not to bring an enforcement action. Lloyd suggests that the D.C. Circuit in *Falkowski I* had it right and therefore the reasoning in the initial opinion should be followed here.

### III.

The APA has established a presumption of reviewability with limited exceptions. *See* 5 U.S.C. §§ 701 & 702 (excluding only those situations where a statute specifically precludes judicial review or when "agency action is committed to agency discretion by law"). In interpreting the discretion exception, the Fourth Circuit has noted that it is a "'very narrow one,' reserved for 'those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Inova Alexandria Hospital v. Shalala,* 244 F.3d 342, 346 (2001) (quoting *Overton Park*, 401 U.S. at 410).

The argument that the *Falkowski II* Court need not have abandoned its *Falkowski I* opinion after *Chaney* is not entirely unpersuasive. This is so despite the fact that several federal district courts have followed *Falkowski II* and held Department of Justice refusals to provide

legal representation to certain employees non-reviewable.  *See e.g. Turner v. Schultz*, 187 F. Supp. 2d 1288 (D. Colo. 2002); *Hall v. Clinton*, 143 F. Supp. 2d 1 (D.D.C. 2001); *Wooten v. Hudson*, 71 F. Supp. 2d 1149 (E.D. Okla. 1999).  The Fourth Circuit, however, has yet to opine on the issue and, as it happens, there is no need for this Court to do so.  This is because, even assuming that an arbitrary and capricious standard of review were to apply, as in *Falkowski I*, on the facts of this case, based on the allegations in the Complaint, Lloyd's response, and the record in his criminal case, the DOJ certainly could have concluded, consistent with its regulation, that Lloyd was not reasonably acting within the scope of his employment and that it was not in the best interests of the DOJ to provide him with legal representation.  Although the fact that Lloyd was found guilty in the criminal proceeding of voluntary manslaughter is not dispositive of the scope of employment issue – since he could have been acting in the scope while using excessive force – it unquestionably provides substantial justification for the Government's decision not to defend him in this civil proceeding.

Accordingly Lloyd's Motion Regarding Co-Defendant United States of America's Obligation to Provide [Him] a Legal Defense is **DENIED**. [1]

A separate Order will **ISSUE.**

/s/
**PETER J. MESSITTE**
**October 13, 2009**         **UNITED STATES DISTRICT JUDGE**

---

[1]  Again, the Court commends *pro bono* counsel for his considerable efforts on Lloyd's behalf.  The Court will attempt to arrange for either an associate or new counsel to appear for Lloyd hereafter.